## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LEROY MCBRIDE, on behalf of himself and those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ANHEUSER-BUSCH, LLC,<br><br>Defendant. | **Case No. 2:25-cv-02047-EP-JSA** |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Leroy McBride ("McBride" or "Plaintiff"), on behalf of himself and those similarly situated, by and through the undersigned counsel, hereby files this First Amended Class Action Complaint ("FAC") against Defendant Anheuser-Busch, LLC ("Anheuser-Busch" or "Defendant"), alleging violations of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq* (hereinafter "NJWHL"). This FAC is being filed pursuant to Fed. R. Civ. P. 15(a)(1)(B), and it relates back to the date of the original pleading pursuant to Fed. R. Civ. P. 15(c). The foregoing allegations are made on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

**INTRODUCTION**

1.     Plaintiff brings this class action to redress Defendant's violations of the NJWHL.

2.     Defendant unlawfully failed to pay Plaintiff and those similarly situated for the compensable work time, both pre- and post-shift, that Plaintiff and those similarly situated were required by Defendant to be at their place of employment, a requirement which served to primarily benefit Defendant.

3.     As a result of Defendant's unlawful actions, Plaintiff and those similarly situated are owed compensation, wages, and other damages.

**PARTIES**

4.     Plaintiff is an adult individual residing at 284 Adams Street, Piscataway, New Jersey 08854. Plaintiff has been employed by Defendant in its Newark, New Jersey, brewery as a non-exempt, hourly Production Operator since April 28, 2014.

5.     Defendant Anheuser-Busch, LLC is a company doing business in New Jersey, the United States, and around the world. The company employs over 19,000 people and operates twelve (12) breweries, including the one at issue here in Newark, New Jersey.

6.     Defendant maintains a brewery at 200 U.S. Highway 1 9, Newark, New Jersey 07114.

7.    At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## JURISDICTION AND VENUE

8.    This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332.

9.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts substantial business through its Newark, New Jersey, brewery, where the cause of action arose.

## CLASS ACTION ALLEGATIONS

10.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

11.    Pursuant to Fed. R. Civ. P. 23, Plaintiff brings his claim for relief to redress Defendant's violations of the NJWHL on behalf of himself and those similarly situated.

12.    Specifically, Plaintiff brings this action on behalf of all current and former non-exempt, hourly employees who have been employed by Defendant at its Newark, New Jersey, brewery ("the Brewery") at any point between August 6, 2019 and the time of trial (the "Class").

13.    Plaintiff and all Class Members are similarly situated and are all subject to Defendant's unlawful policies and practices described herein.

14.    The Class is so numerous that joinder of all Class Members is impracticable. Upon information and belief, there are at least forty (40) members of the Class.

15.    There are common questions of law and fact that affect the rights of every Class Member, and the types of relief sought are common to every Class Member. The same conduct by Defendant has injured each respective Class Member. Questions of law and/or fact common to the respective Class include, but are not limited to:

    a.  Whether Defendant failed to pay Class Members for their pre-shift and post-shift time worked;

    b.  Whether such pre-shift and post-shift time is compensable under New Jersey law;

    c.  Whether Defendant required Class Members to work more than forty (40) hours per week; and

    d.  Whether Class Members were not paid lawful wages, including overtime wages, as required by the NJWHL.

16.    These questions of law and/or fact are common to the Class and predominate over any questions affecting only individual Class Members.

17.     The claims of Plaintiff are typical of the claims of the Class in that all claims are based upon the same factual and legal theories. It is the same conduct by Defendant that has injured each Class Member.

18.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff will fairly and adequately protect the interests of the those similarly situated because Plaintiff's interests coincide with, and are not antagonistic to, those of the Class.

19.     Plaintiff has retained counsel with substantial experience in the handling of wage and hour class actions in New Jersey. Plaintiff and his counsel are committed to the vigorous prosecution of this action on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor counsel have any interests adverse to those of the Class.

20.     Class certification is appropriate because the prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant and/or because adjudications respecting individual Class Members would, as a practical matter, be dispositive of the interests of the other members or would risk substantially impairing or impeding their ability to protect their interests.

21.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because absent a class action, most Class

5

Members likely would find the cost of litigating their claims to be prohibitive and will have no effective remedy at law.

22.    The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

23.    Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each Class Member who has suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class Members.

24.    No unusual difficulties are likely to be encountered in the management of this action as a class action.

## FACTUAL BACKGROUND

25.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

26.    The Brewery opened in 1951 and is the second-oldest of Defendant's twelve major breweries.

27.    Plaintiff and the Class are all non-exempt, hourly employees of Defendant who are typically scheduled to work eight (8) hours per day, five (5) days per week at the Brewery.

28.    Plaintiff and the Class provide manual labor that is integral to Defendant's operations.

29.    Plaintiff and the Class perform their work at designated workstations within the Brewery, which spans over 3.2 million square feet (the equivalent of approximately 73 acres).

30.    Plaintiff and the Class are required by Defendant to be at their designated workstations at the Brewery prior to the start of their scheduled 8-hour shifts.

31.    Plaintiff and the Class have been advised they are considered "late" and subject to disciplinary action should they fail to arrive at their workstations, fully prepared to begin operations, before their scheduled shift start times.

32.    Despite the magnitude of the Brewery and the number of employees who work in the facility, Defendant chose to place its time clocks at the entrance of the Brewery, and there are only two (2) time clocks with which to clock in and only two (2) time clocks with which to clock out.

33.    Plaintiff and the Class Members must line up and use the clock-in machines every day when they arrive at work prior to the start of their designated shifts.

34.    To avoid being deemed "late" and subject to discipline, Plaintiff and the Class must arrive on Defendant's premises at least five (5) to ten (10) minutes prior to their scheduled shift start times, so that they can clock in, walk from the time clocks to their workstations, become situated, and be ready to begin operations at their designated workstations, at their scheduled shift start times.

35.    As a result of these requirements, Plaintiff and the Class Members work between twenty-five (25) and fifty (50) minutes of uncompensated time before their shifts every week. These exact amounts are readily identifiable through Defendant's own record keeping systems as a result of its required clock-in procedures.

36.    This period of time that Plaintiff and the Class are required by Defendant to be on Defendant's premises prior to their scheduled shift start times primarily serves to benefit Defendant, and thus, is compensable work time under New Jersey law ("compensable pre-shift work time").

37.    Upon being relieved at the end of their shift, Plaintiff and the Class must traverse their way back through the active Brewery operations to the time clocks at the entrance of the Brewery and then wait in line to clock out.

38.    As a result, Plaintiff and the Class are required by Defendant to be on Defendant's premises for at least several minutes after the end of their scheduled shifts.  These exact amounts are readily identifiable through Defendant's own record keeping systems as a result of its required clock-out procedures.

39.    This period of time that Plaintiff and the Class are required by Defendant to be on Defendant's premises after the end of their scheduled shifts primarily serves to benefit Defendant, and thus, is compensable work time under New Jersey law ("compensable post-shift work time").

40.    At all relevant times, Defendant has failed to pay Plaintiff and the Class for their compensable pre-shift work time and compensable post-shift work time, and instead, has only paid Plaintiff and all Class Members for the eight-hour shifts for which they have been scheduled each day.

41.    Further, because Plaintiff and all Class Members are scheduled for five eight-hour shifts each week – for a total of 40 hours – each minute of compensable pre-shift work time and compensable post-shift work time that Defendant has failed to pay has placed Plaintiff and all Class Members beyond the 40-hour threshold at which they become entitled to overtime premiums of one-and-a-half times their regular hourly rate, under the NJWHL.

9

42.     Defendant has repeatedly been made aware that its pay practices violate the law, both through internal employee complaints and active litigation, and thus, its continued non-compliance is willful or intentional.

## COUNT ONE
### Violations of the New Jersey Wage and Hour Law
### (On Behalf of Plaintiff and the Class)

43.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

44.     Plaintiff brings his NJWHL claim on behalf of himself and the Class.

45.     Defendant is an employer covered by the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a(1)(g).

46.     Plaintiff and all Class Members are "employees" as defined by N.J.S.A. 34:11-56a(1)(f) and (h).

47.     The overtime wages sought by this claim are "wages" as defined by N.J.S.A. 34:11-56(a)(1)(d).

48.     Throughout the relevant period. Defendant has been subject to the NJWHL and its enabling Regulations.

49.     Plaintiff and all Class Members are entitled to overtime compensation at a rate of one and one-half times their regular hourly rate for hours worked in excess of forty (40) hours per week pursuant to N.J.S.A. 34:11-56a4(b).

50.     Plaintiff and all Class Members do not qualify for any exemption from the wage and overtime requirements of the NJWHL.

51.     The exact amount of compensation, including overtime compensation, that Defendant has failed to pay Plaintiff and the Class Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendant, or were not kept by Defendant.

52.     The NJWHL requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiff and the Class are entitled to review Defendant's records to determine the exact amount of overtime wages owed by Defendant. Absent Defendant keeping these records as required by law, *see* N.J.S.A. 34:11-56(a)(20), Plaintiff and the Class are entitled to submit their information about the number of hours worked.

53.     As a result of Defendant's willful and unlawful conduct, Plaintiff and the Class are entitled to recover their unpaid overtime wages under the NJWHL in an amount equal to 1.5 times their regular rates of pay, plus liquidated damages in an amount equal to 200% of their unpaid wages, as well as attorney's fees and costs. *See* N.J.S.A. 34:11-56a25.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks the following relief on behalf of himself and the Class:

a)  An Order determining that this action may proceed as a class action under Fed. R. Civ. P. 23(b)(2)-(3);

b)  An Order designating Plaintiff as the representative for the Class and designating Plaintiff's counsel as counsel for the Class;

c)  Issuing proper notice to the Class at Defendant's expense;

d)  Back pay damages and prejudgment interest to the fullest extent permitted under the law;

e)  Liquidated damages to the fullest extent permitted under the law;

f)  A declaratory judgment that Defendant's wage practices alleged herein violate the NJWHL;

g)  An Order for injunctive relief ordering Defendant to comply with the NJWHL and end all of the illegal wage practices alleged herein;

h)  Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

i)  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable pursuant to Fed.

R. Civ. P. 38.


Date: April 145, 2025

/s/ *Alexandra K. Piazza*
Alexandra K. Piazza (ID No. 010922013)
**BERGER MONTAGUE PC**
8241 La Mesa Blvd, Suite A
La Mesa, CA 91942
(215) 875-3000
apiazza@bm.net

Ryan Warden (ID No. 044322006)
**WARDEN LAW LLC**
923 Haddonfield Road, Suite 300
Cherry Hill, NJ 08002
(856) 324-8266
ryan.warden@wardenlawyers.com

Michael J. Anderson (ID No. 421882023)
**BERGER MONTAGUE PC**
1818 Market St., Suite 3600
Philadelphia, PA 19103
(215) 875-3000
manderson@bm.net


*Attorneys for Plaintiff*
*and the Proposed Class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

was served upon all counsel of record through the Court's ECF system on this 14th

day of April, 2025.

By:   */s/ Alexandra K. Piazza*
       Alexandra K. Piazza
       **BERGER MONTAGUE PC**